**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RAMONA SMITH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-572-O-BP** |
| | § | |
| **ABRAHAM ARELLANO,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is plaintiff Ramona Smith's Complaint (ECF No. 1), filed on June 18, 2024. This case was referred to the undersigned pursuant to Special Order No. 3-251 on that same day. On July 2, 2024, the undersigned entered an order explaining that "if [the plaintiff] wishes to proceed with this case in federal court and can show that the Court has subject-matter jurisdiction, she shall pay the required $405 filing and administrative fees to the Clerk of Court on or before July 16, 2024." ECF No. 7. The plaintiff paid the $405 filing fee but did not explain why the Court has subject-matter jurisdiction and did not otherwise address the jurisdictional concerns the Court raised in its July 2 Order. Because it does not appear that the Court has subject-matter jurisdiction over this case, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the case **without prejudice** for lack of subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction

rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). Likewise, "subject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919.

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331-1332. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Dismissal for lack of subject matter jurisdiction should be without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

Smith's Complaint does not assert federal question jurisdiction because it does not provide facts that implicate any matters of federal law. Neither does the Complaint assert jurisdiction based on diversity of citizenship. The Complaint form lists an Arlington, Texas address for Smith, and it is likely that she is a Texas citizen. ECF No. 1 at 1. Although she does not provide an address for the defendant, he has a business telephone number with a Texas area code and lists Imperio Painting & Remodeling as a name for his business, which also has a telephone number with a Texas area code. If the defendant also is a citizen of Texas, then there is no diversity of citizenship jurisdiction. And even if there were, the amount in controversy does not appear to exceed $75,000. Under these circumstances, subject-matter jurisdiction appears to be lacking under either 28 U.S.C. § 1331 or § 1332. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice** to the right of plaintiff to file it in the appropriate state court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1)

(extending the time to file objections to 14 days).

      **SIGNED** on July 23, 2024.


                                    _____

                                      Hal R. Ray, Jr.

                                      UNITED STATES MAGISTRATE JUDGE